### In re LOWER.

(Court of Appeals of District of Columbia. Submitted November 10, 1920. Decided December 6, 1920.)

No. 1331.

**Patents ⊕66—Combination of overfeed and underfeed mechanism for locomotive fire box discloses invention.**

Though both overfeed and underfeed stoking machines were known, and in one patent for overfeed machine there was provision for overfeed stoking in emergency, the combination of mechanism for simultaneous overfeeding and underfeeding discloses invention, especially when applied to locomotive fire box, where the space available for the mechanism is small, and in view of the utility of the applicant's device.

Appeal from the Commissioner of Patents.

Application by Nathan M. Lower for a patent for a locomotive stoker. From a decision of the Patent Office, rejecting two claims of the application, applicant appeals. Reversed.

See, also, 263 Fed. 478.

F. W. Winter, of Pittsburgh, Pa., for appellant.

T. A. Hostetler, of Washington, D. C., for Commissioner of Patents.

ROBB, Associate Justice. Appeal from a decision of the Patent Office, rejecting claims 25 and 27, relating to a locomotive stoker capable of simultaneously supplying fuel to a fire box through the underside of the grate and on the top of the fire. The claims read as follows:

"25. Stoker mechanism comprising in combination, a fire box, power mechanism for underfeeding fuel to said fire box, and separate power mechanism co-operating with said first-named mechanism for simultaneously feeding fuel into said fire box above the level of the fire therein."

"27. Stoker mechanism, comprising in combination, a fire box, mechanism for underfeeding fuel to said fire box, separate mechanism for simultaneously overfeeding fuel to the fire in said box, and power mechanism for actuating both of said feeding devices in timed relation with each other."

The two methods of fuel feeding were old, but the Patent Office concedes that "no patent is shown which discloses underfeed and overfeed mechanism." The nearest approach to such a device is the disclosure in the Smead patent (No. 707,364, dated August 19, 1902). That patent related particularly to furnaces for hot-water heaters or steam generators, and the drawing discloses a conduit capable of being used "in case of emergency" (specification) to conduct fuel to the top of the fire. In other words, if the underfeed system should fail for any purpose, the patentee provides an overhead emergency feed.

We agree with the Patent Office that there was no conception of simultaneous feeding, nor is the device disclosed capable of being so used, within the meaning of the claims in issue. But we are not prepared to accept the ruling of that office that appellant's conception was devoid of invention. It seems to us that, had the idea been so obvious

as it now may appear, some one would have adopted it long before this, for the Smead patent was issued many years before appellant's application was filed. It seems reasonably clear that, by combining old elements in this novel way, a new and useful result has been achieved. Moreover, it must be kept in mind that a locomotive fire box is in a very restricted space, and that it would be by no means obvious that the combination of the issue could be successfully applied thereto. Having in mind the character of appellant's device, its apparent utility, and the fact that the underlying idea is entirely new, we follow our rule that any doubt will be resolved in favor of the applicant, and we therefore must reverse the decision. In re Eastwood, 33 App. D. C. 291; In re Harbeck, 39 App. D. C. 555.

Reversed.